# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

JOBANJEET SINGH,

                         Petitioner,

    v.

WARDEN OF IMPERIAL REGIONAL
DETENTION FACILITY, *et al.*,

                        Respondents.

Case No. 26-cv-00154-BAS-MSB

**ORDER DENYING MOTION TO ENFORCE JUDGMENT (ECF No. 7)**

On January 23, 2026, this Court granted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and ordered that Petitioner Jobanjeet Singh be granted a bond hearing before an Immigration Judge. (ECF No. 5.) The Court further ordered that, at the forthcoming bond hearing, Petitioner's right to bond should be governed by 8 U.S.C. § 1226 and not § 1225. (*Id.*) The Government complied with the Court's order and held such a bond hearing. However, the Immigration Judge found Petitioner was a flight risk and denied bond.

Petitioner now files this Motion to Enforce Judgment, arguing that the Immigration Judge's ruling was based on "speculative and improper reasoning rather than evidence." (ECF No. 7.) Thus, Petitioner requests that the Court order another bond hearing or, alternatively, order that Petitioner be released. (*Id.*) The Government responds that the

- 1 -

26cv0154

Motion should be dismissed because Petitioner has failed to exhaust his administrative remedies. (ECF No. 9.) This Court agrees. Thus, the Court **DENIES** the Motion to Enforce Judgment.

## I.      ANALYSIS

As a preliminary matter, the Government has complied with the Court's original Order. Specifically:

> The Court **ORDER[ED]** a bond hearing before an Immigration Judge for Jobanjeet Singh (A# 241-698-839) within 14 days of the date of this Order. His bond hearing shall be governed by 8 U.S.C. § 1226(a), not § 1225(b)(2).

(ECF No. 5.)

This Order was followed. Nevertheless, Petitioner argues that the Immigration Judge made the wrong decision in denying Petitioner bond. (ECF No. 7.) Petitioner has the option of appealing this decision to the Board of Immigration Appeals ("BIA"), but, instead, he elected to appeal directly to the district court by filing a Motion to Enforce Judgment.

"Administrative exhaustion can be either statutorily required or judicially imposed as a matter of prudence." *Puga v. Chertoff,* 488 F.3d 812, 815 (9th Cir. 2007). Although Section 2241 does not specifically require a petitioner to exhaust administrative remedies before seeking habeas relief, "[n]onetheless, 'we require, as a prudential matter, that habeas petitioners exhaust available judicial . . . remedies before seeking relief under § 2241.'" *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004) (quoting *Castro-Cortez v. INS,* 239 F.3d 1037, 1047 (9th Cir. 2001)); *see also Puga v. Chertoff*, 488 F.3d at 815 ("[P]rudential limits, like jurisdictional limits and limits on venue, are ordinarily not optional."). "Lower courts are, thus, not free to address the underlying merits without first determining the exhaustion requirement has been satisfied or properly waived." *Laing*, 370 F.3d at 998. Grounds for waiving exhaustion include finding that: (1) administrative remedies "are inadequate or not efficacious," (2) exhaustion "would be a futile gesture," (3) "irreparable

26cv0154

injury will result" if petitioner is required to exhaust administrative remedies, or (4) "administrative proceedings would be void." *Id.* at 1000.

Petitioner in this case has failed to exhaust his administrative remedies. He had the option to appeal his bond denial to the BIA and has failed to do so. Although this is a prudential requirement, requiring appeal to the BIA makes sense. The BIA is there for a reason—it provides agency expertise helpful to determine whether bond in a given case is warranted. If, as Petitioner argues, the Immigration Judge made a rogue decision, appealing to the BIA allows the agency to correct its own mistakes and precludes the need for judicial review. And finally, direct appeal to the district court encourages deliberate bypass of an administrative scheme. *See Puga*, 488 F.3d at 815 (listing reasons for requiring administrative exhaustion). Petitioner fails to argue any grounds for waiving the exhaustion requirement. Thus, the Court finds appeal to the BIA is a necessary prerequisite in this case before it may consider any error on the part of the Immigration Judge.

**II.    CONCLUSION**

Because Petitioner has failed to exhaust his administrative remedies by appealing his bond determination to the BIA, the Court **DENIES** the Motion to Enforce Judgment. This case shall remain closed.

**IT IS SO ORDERED.**

**DATED: March 24, 2026**

_____
**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

26cv0154